## ROBERTS et al. v. SOUTHWESTERN LIFE INS. CO. et al.

### No. 14395.

Court of Civil Appeals of Texas.
Dallas.

Nov. 2, 1951.

Rehearing Denied Dec. 7, 1951.

Thompson, Knight, Wright, Weisberg & Simmons, Pinkney Grissom and Richard E. Gray, Jr., all of Dallas, for appellants.

Frank & Frank, D. A. Frank, and Paul McCarroll, all of Dallas, for appellees.

YOUNG, Justice.

The suit was instituted by Southwestern Life Insurance Company for Declaratory Judgment, naming as parties Thomas P. Roberts, Allene C. Roberts, Flora Ghriskey and husband Henry Ghriskey; seeking a judicial determination concerning the rights, status and legal relationship of the parties named in and under certain policies of life insurance theretofore issued to said T. P. Roberts. The case was tried to the court upon an agreed statement of facts, with judgment rendered (among other things) to effect that Allene C. Roberts had no insurable interest in the policies other than an accounting to her by Roberts for one-half of the cash surrender values as of date of the prior divorce, together with one-half of any additions to such values since said time. Mrs. Roberts and Flora Ghriskey excepted to the court's rendition, with duly perfected appeal.

The following summary is taken from these stipulations: Flora Ghriskey is the daughter of T. P. and Allene C. Roberts; and during the marital relationship of the latter couple, plaintiff Company issued, on application of Roberts, policies of life insurance, viz.: Four in number, aggregating $7,000 face value, of dates running from February 1915 to January 1920. In December 1943, these parties being permanently separated and Mrs. Roberts having filed suit for divorce, a settlement of all property rights was consummated in writing between the two with provision that in event of divorce the settlement agreement should be incorporated therein.[1]

On January 11, 1944 Allene Roberts and T. P. Roberts were divorced by a judgment of the Fourteenth District Court, Dallas County; paragraph 5 of said judgment having reference to the policies above mentioned along with a number of others on the life of said T. P. Roberts, face value of all policies aggregating some $50,000. Such paragraph reads: "The said defendant, T. P. Roberts, shall cause the plaintiff, Allene Roberts' name to be inserted as the

1. Among other provisions, this settlement agreement recites: "Whereas, considerable property rights are involved in said suit, the parties hereto have by this agreement settled all matters of dispute between them as to their property rights, and it is agreed that in the event a divorce is granted that the provisions hereinafter set forth may be incorporated in the judgment as the judgment of the Court in respect to the property rights of the parties. * * * This contract constitutes a full, complete and final settlement of the property rights of and between the parties hereto and also claims that either party hereto may have against the other." The judgment of divorce also recites as a predicate to such property settlement: "And it being made known to the court that the parties hereto have entered into a written contract disposing of all their property rights and asking the court's approval thereof, and the Court upon considering said agreement, as made and as presented by the parties, and being of the opinion that it is fair and equitable and that it should be in all things approved and confirmed and judgment entered in accordance therewith: * * *."

beneficiary in all life insurance policies now in existence on the life of T. P. Roberts, and shall procure the consent of any other person or corporation designated as beneficiary in such policies to said insertion, and such designation of Allene Roberts as the sole beneficiary in the said policies shall be irrevocable, it being decreed that the said Allene Roberts has a continuing insurable interest in the life of the said T. P. Roberts because of the fact that the premiums heretofore paid on the policies affected by this order were paid out of community funds, and for the reason that the parties in said agreement have bound themselves to pay equally the premium(s) on said policies as they mature; it being further provided in said agreement between the plaintiff Allene Roberts and T. P. Roberts that the daughter of said parties, Flora Ghriskey, shall be designated as contingent beneficiary in each of the policies affected by this order and by said agreement and which are hereinafter enumerated, and that the said Flora Ghriskey, daughter of the said parties, shall be entitled to the proceeds of said policies upon the death of T. P. Roberts only in the event that Allene Roberts dies prior to the death of T. P. Roberts, it being further agreed between the parties and made a part of the order herein that the defendant, T. P. Roberts, and the plaintiff, Allene Roberts, shall each pay out of their own separate funds one-half of all premiums hereafter maturing on the policies hereinbelow listed, said payments to be made promptly as they mature, and in the event that either party, plaintiff or defendant, fails to make partial payment of contributions toward the payment of said premiums when due, that the other party upon paying the entire premium or premiums so as to prevent default thereon, shall be entitled to recover from the defaulting party the portion of the premium so advanced to prevent default, together with 10% interest on the amount advanced and 10% additional on the whole amount due as attorney's fee, and that neither party plaintiff or defendant shall have the right to assign or surrender the said insurance policies for their cash surrender value or to borrow money from the insurance company or anyone else

thereon without the consent of the other party, plaintiff or defendant, it being further ordered that all of the insurance policies affected by this order be delivered to the plaintiff, Allene Roberts, and be safely kept by her to insure the same against loss and to guarantee their availability to effectuate this order, the said insurance policies. affected by this agreement being as follows: * * *."

In compliance with said judgment, appellee Roberts made application to the Southwestern Life Insurance Company for a change of beneficiary in above mentioned policies so that they should thereafter run to: "Allene Roberts, if living, otherwise to Flora Ghriskey, daughter of the insured, and if neither be living, then to the executors or administrators of the insured"; at the same time requesting amendment of policies so as to provide that during lifetime of said Allene Roberts and, after her death, during the lifetime of said Flora Ghriskey, each and every privilege, right and option, given to the insured therein might be exercised by the insured only with the consent of Allene Roberts if living, otherwise only with the consent of said Flora Ghriskey. In accordance with this application and request, the Southwestern Life Insurance Company duly made these changes and amendments.

Approximately four years later, Roberts, the assured, filed application with the Company to change the beneficiary named in each policy to his "executor or administrator," appellants refusing to consent to such changes; and the instant suit was brought by insurer Company for purpose of ascertaining the rights, status and legal relationship of the parties under said contracts of insurance, and recitals of the 1944 judgment of divorce in such connection. Answer of appellants in the cause asserts validity in whole of the earlier judgment provisions with respect to disposition of insurance policies; pleading estoppel against T. P. Roberts to claim otherwise in this, a collateral attack upon same; that said Allene Roberts should continue as irrevocable beneficiary in such policies; and if not, that the daughter Flora Ghriskey is the lawful and irrevocable beneficiary

therein. Allene Roberts by her pleading also claims and asserts that the interests of T. P. Roberts and herself in said policies are their respective separate estates; that the cash values of said policies of insurance are the separate properties of said Allene Roberts and T. P. Roberts and that such cash values and loan values of said policies are exercisable only at the joint and concurring election of T. P. Roberts, Allene Roberts and Flora Ghriskey. Answer of appellee Roberts alleges that such paragraph 5 of the 1944 judgment was contrary to public policy and void, in that Allene Roberts had no insurable interest in his life after the divorce, therefore not entitled to hold the policies mentioned as beneficiary; that said Allene Roberts is only entitled to one-half of the cash surrender value accruing on the policies to date of divorce, plus the amounts paid by her since said date "under the said illegal agreement"; that he was in no way indebted to Flora Ghriskey and under original terms of the policies he had the right to change the beneficiaries therein and has now elected to do so.

By stipulation, Roberts admits his liability to defendant Allene Roberts for the amount in premiums paid by her since January 11, 1944 (date of divorce) upon said policies of life insurance plus legal interest, and offers to pay and tenders such amount to Mrs. Roberts, together with one-half of the cash surrender value of each and all of the policies in question. It was

further stipulated that no premiums have been paid on these policies since January 11, 1944,—same being what is known as "paid up" insurance; which is to say that they continue in full force and effect under their terms without obligation for payment of premiums; that Flora Ghriskey is the daughter of T. P. and Allene Roberts and, as such, has an insurable interest in the life of T. P. Roberts; and solely for the purpose of this suit it was agreed that said Roberts was not pecuniarily indebted to his daughter Flora.

 In view of the record as above outlined we may dispense with the usual presentation of points and answering counterpoints. These general observations however may well be made: First, that the present action is tantamount to a collateral attack upon the 1944 judgment on part of T. P. Roberts, initiated, as it was, by his demand upon the insurance company for change of beneficiaries in direct conflict with the earlier judgment recitals relative thereto. Second, in absence of contract provisions or statutes to the contrary and in other jurisdictions, it is the general rule that an insurable interest at inception of the contract of life insurance, without more, sufficiently qualifies a beneficiary to receive the proceeds on death of the assured. In Texas, however, at least since the Supreme Court decision of Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274,[2] it is

2. The public policy of a state is determined by its Constitution, laws and judicial decisions; the Texas doctrine requiring an insurable interest on part of beneficiary during life of assured being first announced in Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274. Such pronouncement of public policy has been recognized by the Legislature, McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125, and continues until the lawmaking power speaks on the subject through valid enactments. In 1931 by amendment to Art. 4831, V.A.S., the Legislature changed this longstanding rule of Cheeves v. Anders with reference to fraternal benefit societies by authorizing such concerns to recognize whomsoever they pleased as beneficiaries without regard to insurable interest in life of the assured. Castillo v. Canales, 141 Tex. 479, 174 S.W.2d 251.

In Womack v. Womack, 142 Tex. 299, 172 S.W.2d 307, our Supreme Court has held that a life insurance policy is property, the opinion quoting with approval an excerpt from Grigsby v. Russell, 222 U.S. 149, 32 S.Ct. 58, 59, 56 L.Ed. 133, viz.: "[L]ife insurance has become in our days one of the best recognized forms of investment and self-compelled saving. So far as reasonable safety permits, it is desirable to give to life policies the ordinary characteristics of property." As property, in the opinion of the writer, insurance should be made freely disposable; and the assignee or beneficiary of a validly executed policy should, when the contract so provides, be entitled to an unrestricted ownership of it. Hallen, 9 Texas Law Review, p. 351. The statement just made applies in this State only to fraternal societies by virtue of Art.

necessary that such insurable interest be a continuing one, any cessation of interest during life of assured being fatal to the beneficiary's cause of action. Accordingly in this State, upon divorce and termination of insurable interest, a policy cannot be beneficially owned by one divorced spouse on life of the other on basis of past relationship, to which well settled rule appellants readily agree. Appellants Allene Roberts and daughter Flora Ghriskey contend in this connection that, perforce of aforesaid community settlement agreement, a debtor-creditor relationship ensued between the parties, justifying the court decretal that: " * * * the said Allene Roberts has a continuing insurable interest in the life of the said T. P. Roberts because of the fact that the premiums heretofore paid on the policies affected by this order were paid out of community funds, and for the reason that the parties in the said agreement have bound themselves to pay equally the premium on said policies as they mature."

Appellee Roberts on the other hand attacks these judgment recitals as without consideration, contrary to public policy and void, "in that from and after the date of the divorce between this defendant and the defendant, Allene Roberts, said Allene Roberts had and has no insurable interest in the life of this defendant, and is not entitled to hold the policies mentioned in plaintiff's petition upon the life of this defendant"; characterizing paragraph 5 of the 1943 settlement of the parties disposing of their community insurance as "an illegal agreement."

■■ We may assume for purpose of this discussion that, standing alone, the 1944 judgment recital is patently erroneous in the attempted investment of Mrs. Roberts with an insurable interest after divorce; conflicting, as it does, with a settled public policy in that regard. The result was no more than an error of law rendering the judgment voidable and subject to correction on direct appeal. But can such error, apparent even on the face of the record, be availed of by one of the parties thereto in this, a collateral attack? We do not think so. In the first place, the trial court had undoubted jurisdiction over the parties and subject matter; its approval of judgment being obviously impelled by the agreement of parties and the wide discretion implicit in Art. 4638, V.A.S., "[d]ivision of property" on divorce; the statute providing in part that the court "shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children * * *."

■ The question here posed relates to the quoted provisions of aforesaid judgment (paragraph 5), whether same are absolutely void or merely voidable in effect. "Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person

4831; all other species of life companies still laboring under the public policy ban of Cheeves v. Anders. The result is unjust discrimination within meaning of the Fourteenth Amendment, Federal Constitution, and Art. 1, sec. 3 of the Constitution of Texas, Vernon's Ann.St., in that a particular class of life insurance companies is exempted from a restriction to which all other companies are being subjected; and such denial of rights (assignability) except to persons having an insurable interest, "is to diminish appreciably the value of the contract in the owner's hands." Grigsby v. Russell, supra.

A public policy relative to insurance is unsound when it upholds a life policy payable to one without insurable interest in the life of the assured if issued by a fraternal benefit society but condemns a like transaction when engaged in by a legal reserve company, because in each case there is presented the same inducement to take human life. Furthermore, is the public policy doctrine under discussion of any practical significance in view of Art. 5047, Vernon's Ann.Civ. Statutes? It provides: "The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of insured shall receive said insurance."

of the defendant and the subject-matter of the controversy, such judgment is never, void, no matter how erroneous it may appear, from the face of the record or otherwise, to be." Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 877. Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329. Appellee will here contend that the trial court lacked the power to grant the particular relief in face of an avowed public policy. Whether the facts and circumstances incident to the 1944 judgment were controlled by the rule of decision announced in Cheeves v. Anders, supra, was a question of law for the trial court to decide. It had the power (jurisdiction) to determine the question either rightly or wrongly, and its decision thereon, becoming final, must be given full effect, subject to revision only on direct appeal. The existence of jurisdiction "does not depend upon either the legality of the exercise of that power or upon the correctness of the decision made. The test of jurisdiction is whether the tribunal had power to enter upon the inquiry, and not whether its conclusions in the course of the inquiry were wrong." Yount v. Fagin, Tex. Civ.App., 244 S.W. 1036, 1040. Or as succinctly expressed by our Supreme Court in Martin v. Sheppard, 145 Tex. 639, 201 S.W. 2d 810, 812; "The jurisdiction of a court must be determined, not upon the court's action in deciding the questions presented in a case, but upon the character of the case itself. Jurisdiction is the power to decide, and not merely the power to decide correctly." See also Security Trust Co., etc. v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151.

Secondly, we are here dealing with a "consent" judgment, at least so far as a division of community property is concerned. It has been held that one who has acquiesced therein and accepted the benefits of such a judgment will be precluded from questioning its validity, even though the judgment be defective or invalid. 26 Tex.Jur., p. 40; and if this rule be inapplicable, then such a judgment, including, as it does, a settlement agreement made in contemplation of divorce, when entered by a court of competent jurisdiction "has the same force and effect as any other judgment, and in the absence of fraud or mistake is binding between the parties thereto and their privies, and stands as a final disposition of the rights of the parties." Beam v. Southwestern Bell Tel. Co., Tex. Civ.App., 164 S.W.2d 412, 415, Syl. 2. 25 Tex.Jur., p. 390; Adams v. Adams, Tex. Civ.App., 214 S.W.2d 856. See also Freeman on Judgments, Fifth Ed., secs. 320, 664, pp. 640, 1399.

For still another reason appellee Roberts is in no position to complain. The agreement in question is now fully executed (except as to recurring premium payments) and if, as he contends, same has an aspect of illegality (violation of public policy), the courts will not aid either party to recover or reinvest himself with any title or interest vested in the other, but will leave them in the same position as to vested interests as they, by their own acts, have placed themselves. 10 Tex.Jur., p. 242; Olcott v. International & G. N. Railway Co., Tex.Civ.App., 28 S.W. 728.

It follows that defendant Roberts is effectually estopped from asserting any right to change of beneficiaries named in these policies except in accordance with their terms, i. e., by consent of Allene Roberts if living, otherwise by consent of the daughter Flora; his said rights therein having been made wholly subject to the quoted provisions of aforesaid judgment. Further than as just stated, the questions herein propounded do not require a present determination. " * * *, the courts will not render a declaratory judgment as to future rights, but just as in ordinary actions will wait until the event giving rise to the rights has happened, or, in other words, until the rights have become fixed under an existing state of facts." 16 Am.Jur., sec. 18, p. 292. In major respects, a policy of insurance, like a will, speaks at time of death. Cole v. Browning, Tex.Civ.App., 187 S.W.2d 588. The beneficiaries named in these policies may predecease Mr. Roberts; the proceeds then devolving ipso facto upon the executors and administrators of assured, with all questions herein raised becoming moot. If, on the other hand, appellants

are living when the proceeds of policies are payable, it will be time enough to determine whether Allene Roberts is entitled to receive the same perforce of her asserted debtor-creditor relationship; if not, whether Flora Ghriskey, having an undoubted insurable interest, would be qualified to take in the place and stead of a primary but ineligible beneficiary.

The judgment under review is reversed and set aside and another entry of judgment ordered consistent herewith. We deem it unnecessary to further determine the issues raised in this proceeding.