Ermilo BARRIENTES, Appellant,

v.

BOARD OF TRUSTEES, HARLANDALE
INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 04–88–00055–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 11, 1989.

Rehearing Denied Feb. 7, 1989.

James E. Shugart, David W. Rogers,
Law Offices of Dave Rogers, Inc., San
Antonio, for appellant.

North O. West, West & West, San Anto-
nio, for appellee.

OPINION

Before CANTU,* REEVES, and
CHAPA, JJ.

CHAPA, Justice.

This appeal arises from a summary judg-
ment rendered against appellant, Ermilo
Barrientes, in favor of appellee, Harlandale
Independent School District.

Appellant was employed as a vice-princi-
pal by the Harlandale Independent School
District during the 1985–1986 school year.
When he was notified in 1986 that his con-
tract would not be renewed for the follow-
ing year, he filed suit against appellee
HISD based on its failure to give the re-
quired notice of non-renewal under Chapter

* Not participating (retired).

21 of the Texas Education Code, which appellant believed was the proper statute governing this dispute. As a result of this action, the parties entered into a settlement agreement and agreed judgment which provided that appellant would be employed as an administrator with HISD for the 1986–1987 school year at an annual salary of $28,884.00, and further provided that the parties "compromise and settle all claims and causes of action which plaintiff has or may have in the future arising out of the dispute and that the full terms and conditions of the compromise and settlement be set forth in this Settlement Agreement." Finally, in addition to its terms, the agreement provided that appellant's employment with HISD was to automatically terminate at the end of the 1986–1987 school year. In 1987, upon learning that HISD had adopted and was governed by Chapter 13 of the Education Code instead of Chapter 21, appellant filed suit seeking declaratory judgment that the agreement entered by the parties was void as a matter of law because appellee had no authority to contract under any section of the Education code other than Chapter 13. In the alternative, appellant sought to have the contract rescinded because appellee had failed to fulfill its obligations under the settlement agreement. Both parties filed opposing motions for summary judgment, and the court ruled in favor of appellee HISD.

The issues before us are:

(1) Whether the agreement was void as a matter of law because it was entered into under an inapplicable statute; and

(2) Whether there was an issue of fact concerning the breach of the contract because either party failed to perform.

■ It must be noted at the outset that this suit is based on a settlement agreement that was subsequently incorporated into an agreed judgment. This type of judgment is to be construed in the nature of a contract, and therefore rules relating to contracts apply in its interpretation. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956). Despite its contractual nature, however, it is more than a mere contract; it has the same degree of finality and binding force as one rendered by a court at the conclusion of adversary proceedings. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234, 239 (1961); *Edwards v. Gifford,* 137 Tex. 559, 155 S.W.2d 786, 787 (1941). Further, it has been held that one who has acquiesced in a consent judgment and accepted its benefits is precluded from questioning its validity, even if the judgment is defective or invalid. *Roberts v. Southwestern Life Ins. Co.,* 244 S.W.2d 302, 308 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.). Here, appellant accepted as a final disposition of its claim against appellee an administrative position at an annual salary of $28,884.00. He was fully compensated during his one year tenure. We cannot sustain appellant's argument that the agreement is void when appellant voluntarily entered into and accepted its benefits. In addition, where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the parties and subject matter of the controversy, the judgment is never void regardless of how erroneous it may appear. *Roberts, supra* at 308. The judgment must be given its full effect. Therefore, we find that the trial court properly decided that the judgment was not void as a matter of law.

■ Accordingly, our next step is to determine whether an issue of fact existed as to the breach of the agreement which would preclude a summary judgment. Appellant claims in his pleadings that he was not given the responsibilities promised to him by the school district. Appellee apparently agrees that a breach has occurred, but claims that it is appellant who has not fulfilled his obligations in compliance with the agreement.[1]

The standard of review in a summary judgment appeal requires the reviewing court to disregard all conflicts within the

---

1. In its original answer, appellee counterclaimed alleging breach of the settlement agreement by appellant. This action was later dismissed by appellee's own motion.

**30**

evidence and accept as true the proof which tends to support the position of the party opposing the motion. *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex.1972). The judgment should be affirmed only if the record establishes a right to the summary judgment as a matter of law. *Clutts v. Southern Methodist University,* 626 S.W.2d 334, 335 (Tex.App.—Tyler 1981, writ ref'd n.r.e.). Here, although there is some contention by appellee that the damages sought by appellant were not of the proper nature, we do not find it necessary to reach this argument. Appellant's controverting affidavit clearly shows that there is a material fact issue present concerning the breach of contract claim. Appellee's brief does not controvert or deny this allegation, and thus this court is permitted to accept this fact as correct. TEX.R.APP.P. 74(f). Additionally, appellee admitted in oral argument before this court that a fact issue existed as to the breach allegations, but argued that the remedy sought by appellant was unavailable. Moreover, appellant's counterclaim suggests that a genuine issue of material fact is present. Where ultimate issues of fact exist, summary judgment is improper. *Christy v. Stauffer Publications, Inc.,* 437 S.W.2d 814, 815 (Tex.1969). Appellee has not overcome its burden of establishing that it is entitled to judgment as a matter of law. Therefore, we affirm the portion of the judgment concerning the validity of the agreement and reverse the portion of the judgment as to the breach of contract dispute and remand it for a trial on its merits.