## In re MEDALLION, LTD.

### No. 04–01–00459–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 16, 2002.

Rehearing Overruled Feb. 4, 2002.

Charles M. Jefferson, Attorney At Law, Mark A. Randolph, Cauthorn Hale Hornberger Fuller Sheehan Becker & Beiter, Inc., San Antonio, for Appellant.

Bryan A. Woods, Bayne, Snell & Krause, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SANDEE BRYAN MARION, Justice.

## OPINION

ALMA L. LÓPEZ, Justice.

Medallion, Ltd. ("Medallion") seeks mandamus relief from an order denying its motion to compel arbitration. Because the Federal Arbitration Act ("FAA") requires the trial court to compel arbitration in this case, we conditionally grant the writ of mandamus.

### BACKGROUND

Alan and April Chase (the "Chases") entered into an agreement with Medallion to purchase a home. The agreement referenced a limited warranty to be provided at closing. At closing, the Chases and Medallion executed an application for warranty form. The application contained a provision acknowledging the arbitration clause in the limited warranty. The arbitration provision provided for mandatory binding arbitration of "Unresolved Warranty Issues." The term "Unresolved Warranty Issues" was defined as "All requests for warranty performance, demands, disputes, controversies and differences that may arise between the parties to this Limited Warranty that cannot be resolved among the parties."

On June 5, 2000, the Chases filed suit against Medallion asserting negligence, DTPA and breach of warranty claims. Medallion answered, and discovery was undertaken. The case was set for trial on April 9, 2001. On February 14, 2001, the parties mediated. Based on the results of the mediation, the parties filed an agreed motion for a continuance of the trial date.

On March 8, 2001, Medallion filed a motion for stay of litigation asserting its right to compel arbitration. The trial court denied the motion to stay on April 6, 2001.

Based on the parties' agreed motion for separate trials, the trial court entered an

order on May 16, 2001, ordering that the claims made by Medallion "(or hereafter made) for any affirmative relief" pertaining to the issue of whether or not a settlement had occurred were to be tried on the date the case was set for trial (July 9, 2001) and that all other claims and defenses would be tried separately, if at all, at a later date to be agreed upon by counsel. On May 17, 2001, Medallion filed a motion to compel arbitration. The trial court held a hearing on the motion to compel on May 31, 2001, and subsequently entered an order denying the motion.

## DISCUSSION

Mandamus is an extraordinary remedy available only in limited circumstances. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001). A court should issue mandamus only to correct a clear abuse of discretion or the violation of a legal duty when there is no other adequate remedy at law. *Id.* When a trial court erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy at law and is entitled to a writ of mandamus. *Id.* Therefore, we must determine whether Medallion established its right to arbitration. *Id.*

A party seeking to compel arbitration by mandamus must first establish the existence of an arbitration agreement subject to the FAA. *Id.* Once the movant establishes an agreement, the court must then determine whether the arbitration agreement covers the nonmovant's claims. *Id.* Because state and federal policies continue to favor arbitration, a presumption exists favoring agreements to arbitrate under the FAA, and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *Id.* Once the trial court concludes that the arbitration agreement encompasses the claims, and

that the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings. *Id.* at 753–54.

### 1. *Existence of Agreement*

We review the trial court's determination regarding the existence of an arbitration agreement under an abuse of discretion standard. *In re Koch Industries, Inc.*, 49 S.W.3d 439, 444 (Tex.App.-San Antonio 2001, orig. proceeding). Under this standard, a trial court's findings must be upheld unless it is determined that the trial court could reasonably have reached only one decision. *Id.* With regard to legal issues, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

In this case, the Chases and Medallion were parties to the application for warranty form. By signing the application, the Chases acknowledged that the warranty included a binding arbitration provision. The application further stated, "Purchaser understands and agrees that, if the warranty is validated, it is provided by the Builder in lieu of all other warranties, oral agreements or representations and Builder makes no warranty, express or implied as to quality, fitness for a particular purpose, merchantability, habitability or otherwise, except as is expressly set forth in the [HOME Warranty] Program." By signing the application, the Chases entered into an arbitration agreement with Medallion.

### 2. *Scope of the Arbitration Agreement*

The party seeking to compel arbitration must establish an agreement by the parties to arbitrate and that the claims in the lawsuit are within the scope of the arbitration agreement. *Pennzoil Company v. Arnold Oil Company, Inc.*, 30

S.W.3d 494, 498 (Tex.App.-San Antonio 2000, orig. proceeding). To determine whether a claim falls within the scope of an arbitration agreement, we look at the terms of the agreement and the factual allegations in the petition. *Id.* Generally, if the facts alleged "touch matters," have a "significant relationship" to, are "inextricably enmeshed" with, or are "factually intertwined" with the contract that is subject to the arbitration agreement, the claim will be arbitrable. *Id.* However, if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract, the claim is not subject to arbitration. *Id.* The FAA favors arbitration and any doubts as to whether a claim falls within the scope of an arbitration agreement must be resolved in favor of arbitration. *Id.* Thus, a court should not deny a motion to compel arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue. *Id.*

■ The Chases' petition asserts complaints pertaining to construction defects and the failure to repair such defects in a workmanlike manner. The scope of the arbitration provision encompassed, "All requests for warranty performance, demand, disputes, controversies and differences ... [including] disagreement[s] regarding any action performed or to be performed by any party pursuant to this Limited Warranty...." By entering into the application, the Chases acknowledged that the limited warranty was the only warranty for which Medallion could be liable. Because the complaints made by the Chases "touch matters," have a "significant relationship" to, were "inextricably enmeshed" with, or were "factually intertwined" with the limited warranty provisions, the Chas-

es' complaints are within the scope of the arbitration provision.

### 3. *Waiver*

■ Courts will not find that a party has waived a right to enforce an arbitration clause by merely taking part in litigation unless the party has substantially invoked the judicial process to the opposing party's detriment. *See Koch,* 49 S.W.3d at 445. The test for determining waiver is two prong: (1) did the party seeking arbitration substantially invoke the judicial process; and (2) did the opposing party prove that it suffered prejudice as a result? *Id.*

■ Whether a party has waived its right to compel arbitration is a question of law. *Id.* A strong presumption against waiver exists. *Id.* Waiver of an arbitration right must be intentional. *Id.* Implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right. *Id.* The party seeking to prove waiver bears a "heavy burden of proof," and any doubts regarding waiver are resolved in favor of arbitration. *Id.*

■ In this case, Medallion engaged in limited discovery which is not sufficient to support a finding of waiver. *See Pennzoil Company,* 30 S.W.3d at 499–500. In addition, Medallion engaged in mediation which is not sufficient to support a finding of waiver. *See In re Certain Underwriters at Lloyd's,* 18 S.W.3d 867, 876 (Tex.App.-Beaumont 2000, orig. proceeding). Finally, Medallion entered into an agreed order in contemplation of a claim regarding the existence of a settlement. However, Medallion was careful not to request any affirmative relief as to that claim until it filed its motion to compel, and Medallion sought a hearing and a ruling on the motion to compel prior to

proceeding with any relief on the claim with regard to the existence of a settlement. *See Pennzoil Company,* 30 S.W.3d at 497, 499–500 (no waiver where motion for summary judgment seeking affirmative relief was filed on the same day as the motion to compel).

## CONCLUSION

Because the trial court abused its discretion in denying Medallion's motion to compel arbitration, we conditionally grant the writ of mandamus. The writ will only issue upon certification that the trial court has failed to enter an order compelling arbitration within ten days from the date of our opinion and order.