**TEXAS RESIDENTIAL MORTGAGE, L.P., Appellant,**

v.

**Shalene PORTMAN, Appellee.**

No. 05–04–00597–CV.

Court of Appeals of Texas, Dallas.

Jan. 13, 2005.

Eugene Michael Grossman, Dallas, Pat Martoccio, Lewisville, Mark William Allan, Jay Chase, Allan, Chase & Associates, Irving, for appellant.

Mary Goodrich, Michael K. Hurst, Godwin Gruber, LLP., Dallas, for appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Texas Residential Mortgage, L.P. appeals from the trial court's denial of its motion to compel arbitration. In a single issue, Texas Residential argues that it did not waive its contractual right to compel arbitration. We agree. Accordingly, for the reasons discussed below, we reverse the trial court's order and remand the case for further proceedings.

### BACKGROUND

Appellee Shalene Portman was hired by Texas Residential pursuant to a Net Branch Agreement. Pursuant to that agreement, Portman promised to sell Texas Residential's products to home owners and home buyers, and she set up an office for that purpose. Disputes arose with both Texas Residential and a number of Portman's employees concerning her commissions. On May 6, 2003, Portman sued Texas Residential for breach of the agreement, breach of fiduciary duty, conversion, tortious interference, fraud, conspiracy, negligent misrepresentation, unjust enrichment, and equitable accounting. She sought actual and exemplary damages and recovery of her attorney's fees. On March 8, 2004, Texas Residential moved to compel arbitration, pursuant to the ADR pro-

vision of the parties' agreement. That provision required the parties to submit their disputes to mediation "prior to the commencement of any litigation." If the mediation were not successful, then the dispute was to be submitted to arbitration. Portman responded to Texas Residential's motion, claiming Texas Residential had waived its right to compel arbitration. The hearing on the motion was transcribed, although no evidence was offered by either party. Indeed only the agreement, with its ADR clause, was attached to the motion. At the end of the hearing, the judge announced she was denying the motion on the ground of waiver.

## WAIVER OF RIGHT TO COMPEL ARBITRATION

 When a valid arbitration agreement exists, our supreme court has repeatedly expressed a strong presumption favoring arbitration. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003). Any waiver of an arbitration right must be intentional. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex.1996); *In re Medallion, Ltd.*, 70 S.W.3d 284, 288 (Tex. App.-San Antonio 2002, no pet.). Thus, implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right. *EZ Pawn Corp.*, 934 S.W.2d at 89. The party seeking to prove waiver bears a "heavy burden of proof," and any doubts regarding waiver are resolved in favor of arbitration. *Medallion*, 70 S.W.3d at 288. A party does not waive a right to arbitration merely by delay. *In re Serv. Corp. Intern.*, 85 S.W.3d 171, 174 (Tex.2002). Nor will courts find a party has waived a right to enforce an arbitration clause by merely taking part in litigation unless the party has substantially invoked the judicial

process to the opposing party's detriment. *EZ Pawn Corp.*, 934 S.W.2d at 89; *Medallion*, 70 S.W.3d at 288. The waiver determination is a question of law. *Service Corp. Intern.*, 85 S.W.3d at 174. Accordingly, we review the issue de novo.

Texas Residential argues it did not waive its right to compel arbitration, because it did not engage in the litigation beyond participating in the mediation, which—it stresses—was required by the ADR clause of the agreement. Texas Residential further argues it is inconsistent with Texas law to find a waiver based solely on the passage of time. Portman, in turn, argues Texas Residential did waive its right to compel arbitration by participating in the litigation process for nearly a year after suit was filed. Portman stresses that the motion to compel was filed just two months before the case's second trial setting. She avers that "all pretrial matters are on the verge of being completed," and she points to Texas Residential's participation in proceedings that were purportedly consistent with preparing for trial, including responding to her requests for written discovery, taking a deposition,[1] and attending a mediation. Portman argues she is prejudiced by this late motion because she has spent time and effort conducting discovery "with the singular focus of presenting evidence at trial."

 Again, the test for determining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process; and (2) did the opposing party prove that it suffered prejudice as a result? *Medallion*, 70 S.W.3d at 288. As to the first prong, a party's attempt at settlement or mediation does not invoke the judicial process so as to waive a claim of arbitration. Such attempts are not in-

---

1. According to the parties, Texas Residential took Portman's deposition after the trial court

denied the motion to compel arbitration, while its appeal was pending in this Court.

consistent with a desire to arbitrate and will not preclude the exercise of a right to arbitration. *In re Certain Underwriters at Lloyd's,* 18 S.W.3d 867, 876 (Tex.App.-Beaumont 2000, no pet.). However, even if we were to assume—without deciding—that Texas Residential *had* substantially invoked the judicial process, the second prong of the test would defeat Portman's claim of waiver. Our review of the record uncovers absolutely no evidence that Portman suffered prejudice as a result of Texas Residential's ten-month delay in moving to compel arbitration. Portman's claim of prejudice rests entirely upon her preparation for trial. But she identifies no work that she did or cost that she incurred in anticipation of trial that she would not have done or incurred in anticipation of an arbitration hearing. In the absence of evidence of prejudice, we find no waiver.

*See, e.g., EZ Pawn Corp.,* 934 S.W.2d at 90 (no waiver where arbitration opponent does not meet his burden to show he suffered prejudice). We decide Texas Residential's single issue in its favor.[2]

### Conclusion

We conclude the trial court erroneously denied Texas Residential's motion to compel arbitration. Accordingly, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

**2.** Portman argues that this appeal should be dismissed for want of prosecution, because Texas Residential "abandoned this appeal." The record does not support this charge.