Perry HOMES, A Joint Venture; Home Owners Multiple Equity, Inc. d/b/a Home/RWC of Texas; and Warranty Underwriters Insurance Company, Appellants

v.

Robert E. CULL and S. Jane Cull, Appellees.

No. 2–04–052–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 2005.

Gardere Wynne Sewell L.L.P., Geoffrey H. Bracken and Stacy R. Obenhaus, Houston, Hance Scarborouh Wright Woodward & Weisbart L.L.P., Kent R. Hance, Austin, Johnson, Christopher, Javore & Cochran, Inc., Gary W. Javore, San Antonio, TX, for Appellant.

Thomas M. Michel, Bourland, Kirkman, Seidler, Jay & Michel, L.L.P., Fort Worth, for Appellee.

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellees Robert and Jane Cull ("the Culls") sued Appellants Perry Homes, A Joint Venture ("Perry Homes"), Home Owners Multiple Equity, Inc. d/b/a Home/ RWC of Texas ("HOME"), and Warranty Underwriters Insurance Company ("WUIC") for the faulty construction of their home. Approximately a year after filing suit, the Culls filed a motion to compel arbitration. Although Appellants opposed arbitration, the trial court granted the Culls' motion to compel arbitration. After arbitration was completed, the Culls filed a motion to confirm the arbitration award, and Appellants filed a motion to vacate or alternatively to modify the arbitration award. In its final judgment, the trial court confirmed the arbitration award. In six issues, Appellants now generally argue that the trial court erred by compelling the parties to participate in arbitration, confirming the resulting arbitration award, and denying Appellants' motion to vacate or modify that award. Because we hold that (1) the Culls did not waive arbitration, (2) the arbitrator was not evidently partial, (3) the arbitrator did not act in manifest disregard of the law, and (4) the Culls did not fail to meet their summary judgment burden, but (5) the trial court did err by failing to modify its award of post-judgment interest that was awarded in addition to the interest in the arbitration award, we affirm the trial court's judgment as modified.

### BACKGROUND FACTS

In 1996, the Culls purchased a newly constructed home from Perry Homes for $233,730 and also purchased a home warranty from HOME and WUIC. After years of struggling with Appellants over repairs required to fix significant structural damage caused by foundation and drainage problems, which lowered the appraised value of the home to $41,000, in 2000, the Culls filed suit against Appellants. HOME and WUIC filed a motion to com-

pel arbitration. The Culls opposed the use of the American Arbitration Association ("AAA") as unconscionable, but they did not oppose arbitration. The trial court never ruled on this motion. After about a year of discovery, the Culls filed a combined motion to compel arbitration and plea in abatement four days before trial. The trial court granted arbitration.

Appellants filed a petition for writ of mandamus, arguing that the Culls waived the right to arbitration. In April of 2002, this court denied Appellants' petition, and in May of 2002, the Texas Supreme Court denied Appellants' petition.

This case then proceeded to arbitration. The parties jointly selected the arbitrator and did not object even after receiving his disclosure that he had litigated residential construction suits for fifteen years, was familiar with two of the experts, and had opposed Perry Homes's trial counsel's firm on multiple occasions but had not had any dealings with Perry Homes's specific counsel. The Culls submitted their statement of claims in arbitration. They claimed negligence, gross negligence, breach of contract and warranty, violations of the DTPA, common law fraud and fraud under the business code, violations of the insurance code, and breach of the duty of good faith. In addition to damages, the Culls requested attorney's fees and litigation/arbitration expenses including court costs, arbitration costs, and expert fees.

After the arbitrator heard the case, he awarded the Culls over $800,000 in damages, costs, and attorney's fees. The Culls filed a motion to confirm the arbitration award in the trial court. In response, Appellants filed a motion to vacate or alternatively to modify the arbitration award. Following a hearing, the trial court granted the Culls' motion and confirmed the arbitration award in its final judgment.

## WAIVER OF THE RIGHT TO ARBITRATE

In their first issue, Appellants argue that the Culls waived their right to arbitrate. We disagree.

▮▮▮ Because public policy favors arbitration, the Federal Arbitration Act ("FAA") imposes a strong presumption against waiver.[1] Waiver of an arbitration right must be intentional.[2] Thus, implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right.[3] The party seeking to prove waiver bears a "heavy burden of proof," and any doubts regarding waiver are resolved in favor of arbitration.[4] Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent's detriment.[5] Therefore, the test for deter-

---

1. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998) (orig.proceeding); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996); *Tex. Residential Mortgage, L.P. v. Portman*, 152 S.W.3d 861, 863 (Tex.App.-Dallas 2005, no pet.); *In re Medallion, Ltd.*, 70 S.W.3d 284, 288 (Tex.App.-San Antonio 2002, orig. proceeding).

2. *EZ Pawn Corp.*, 934 S.W.2d at 89; *Tex. Residential Mortgage, L.P.*, 152 S.W.3d at 863; *In re Medallion, Ltd.*, 70 S.W.3d at 288.

3. *EZ Pawn Corp.*, 934 S.W.2d at 89; *Tex. Residential Mortgage, L.P.*, 152 S.W.3d at 863; *In re Medallion, Ltd.*, 70 S.W.3d at 288.

4. *EZ Pawn Corp.*, 934 S.W.2d at 90; *Tex. Residential Mortgage, L.P.*, 152 S.W.3d at 863; *In re Medallion, Ltd.*, 70 S.W.3d at 288.

5. *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *EZ Pawn Corp.*, 934 S.W.2d at 89; *Tex. Residential Mortgage, L.P.*, 152 S.W.3d at 863; *In re Medallion, Ltd.*, 70 S.W.3d at 288.

mining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process; and (2) did the opposing party prove that it suffered prejudice as a result? [6]

■ In this case, the parties participated in written and oral discovery, presented motions to compel discovery, and received orders disposing of those motions. Although Appellants allege that the Culls opposed arbitration early on, the Culls merely opposed the use of the AAA; the Culls did not oppose arbitration as a whole. Furthermore, HOME and WUIC did not obtain a ruling on their early motion to compel arbitration. Additionally, the Culls did not ask the court to make any judicial decisions on the merits of their case, for example, by requesting summary judgment or participating in trial.[7] Thus, this case is not a case in which a party who has tried and failed to obtain a satisfactory result in court then turns to arbitration.[8]

■ Even if we were to assume without deciding that the Culls had substantially invoked the judicial process, the second prong of the test would defeat Appellants' claim of waiver. Our review of the record shows that Appellants presented no evidence that they suffered prejudice in their response to the Culls' motion to compel arbitration or at the hearing on the motion. As the trial court noted at the hearing, Appellants' claim of prejudice was that they have participated in litigation activities that may or may not have been required by the arbitrator.

Although generally referencing discovery requests and depositions taken, Appellants did not provide any evidence of the work done, time spent, or costs incurred that would not have been done or incurred in anticipation of an arbitration hearing. It was not until after the arbitration had been completed that Appellants, in their motion to vacate or, alternatively, modify the arbitration award and their response to plaintiffs' motion to confirm arbitration, provided evidence of the work, time, and costs to prove they suffered prejudice. In determining whether the Culls waived arbitration, however, we review only the evidence that was before the trial court when it ruled on the Culls' motion to compel arbitration, not evidence submitted untimely.[9] Because Appellants failed to provide sufficient evidence of prejudice at the proper time, we hold that the Culls did not waive arbitration. We overrule Appellants' first issue.

## Grounds for Vacating Arbitration Award

■ Arbitration awards can be vacated on limited grounds. The FAA provides four grounds for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

6.  *Tex. Residential Mortgage, L.P.,* 152 S.W.3d at 863; *In re Medallion, Ltd.,* 70 S.W.3d at 288.

7.  *See In re Bruce Terminix Co.,* 988 S.W.2d at 704.

8.  *See id.*

9.  *See McClure v. Denham,* 162 S.W.3d 346, 349 n. 2 (Tex.App.-Fort Worth 2005, no pet.).

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[10]

In addition to the four grounds the FAA provides, federal common law allows for vacating an arbitration award when the arbitrator manifestly disregards the law.[11]

## A. EVIDENT PARTIALITY

In their third issue, Appellants argue that the trial court erred by refusing to vacate the arbitration award because the arbitrator's failure to disclose that he represented homeowners in residential construction cases constituted evident partiality. We disagree.

■ The trial court must vacate an award if a neutral arbitrator exhibits "evident partiality."[12] A neutral arbitrator selected by the parties or their representatives exhibits evident partiality if he does not disclose facts that might create a reasonable impression of the arbitrator's partiality to an objective observer.[13] Courts have recognized that parties agree to arbitrate because they prefer a panel with expertise regarding the subject matter of dispute, and this expertise often comes from experience in the field, which may have involved personal dealings with the parties.[14] Information regarding a relationship with a party—such as representation or familial or close social ties—should

be disclosed, but a neutral arbitrator need not disclose relationships or connections that are trivial.[15]

In this case, the arbitrator disclosed that he knew a lot of the attorneys in Perry Homes's trial counsel's firm, that he had represented clients in which Perry Homes's trial counsel's firm represented the opposing party, and that he did not know the attorney in this case. He disclosed that he had litigated residential construction cases for about fifteen years, so "a number of the witnesses [were] familiar to [him] or [he had] heard of them." He further disclosed that one of the witnesses "did a report on [his] client's property" and that another witness "did a foundation analysis on [his] client's home and was being paid by the builder."

■ Despite the arbitrator's statements that he had fifteen years' experience in the residential construction field, implying that he had represented residential homeowners in these cases, and that Appellant Perry Homes's trial counsel's firm had actually litigated against him in previous cases, Appellants allege that because they discovered after arbitration that the arbitrator had represented homeowners in five cases, the arbitrator was evidently partial. We disagree and hold that the arbitrator properly disclosed information that might indicate bias before the arbitration began. Appellants did not object.

10. 9 U.S.C. § 10(a) (2002).

11. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 252 (Tex. App.-Houston [14th Dist.] 2003, pet. denied); *Int'l Bank of Commerce–Brownsville v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 48 (Tex. App.-Corpus Christi 1998, pet. denied), *cert. denied*, 528 U.S. 1137, 120 S.Ct. 982, 145 L.Ed.2d 932 (2000); *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 331 (1st Cir.2000).

12. *Tex. Commerce Bank v. Universal Technical Inst. of Tex., Inc.*, 985 S.W.2d 678, 680 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

13. *Burlington N. R.R. Co. v. TUCO, Inc.*, 960 S.W.2d 629, 636 (Tex.1997); *Tex. Commerce Bank*, 985 S.W.2d at 680.

14. *See, e.g., TUCO*, 960 S.W.2d at 633.

15. *Id.* at 637.

Additionally, although Appellants allege that the arbitrator represented homeowners in five residential construction cases, they did not produce any withheld evidence (1) of the total number of cases that the arbitrator handled during his practice of at least fifteen years or the percentage of cases that he handled on behalf of homeowners versus builders, (2) that he knew any of the parties in this case, or (3) that he had an association with anyone or a membership anywhere that would create a reasonable impression of the arbitrator's partiality to an objective observer.[16] Thus, we hold that the undisclosed information complained about was trivial. We overrule Appellants' third issue.

### B. MANIFEST DISREGARD OF THE LAW

In their fifth issue, Appellants argue that the arbitrator acted in manifest disregard of the law by awarding the Culls expert witness fees and disregarded the argument that the Culls had waived arbitration. We disagree.

An arbitrator's interpretation of the law is not subject to review for error unless the arbitrator manifestly disregarded the law in his decision.[17] "Manifest disregard of the law" is a judicially-created ground for vacating arbitration awards.[18] Manifest disregard of the law is more than mere error or misunderstanding with respect to the law.[19] Under this standard, the arbitrator clearly recognizes the applicable law, but chooses to ignore it.[20] "To adopt a less strict standard of judicial review would be to undermine our well-established deference to arbitration as a favored method of settling disputes when agreed to by the parties."[21] Therefore, the court's "review for manifest disregard of the law does not open the door to extensive judicial review."[22] Accordingly, judicial review under this standard is "extremely limited."[23] The party seeking to

16. *See Houston Vill. Builders, Inc. v. Falbaum*, 105 S.W.3d 28, 35 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (holding that undisclosed representation of an association that the arbitrator disclosed he was a member of and the association will be affected by the outcome of the case is evident partiality); *Tex. Commerce Bank*, 985 S.W.2d at 681 (holding that undisclosed representation of a party is evident partiality).

17. *Int'l Bank of Commerce–Brownsville*, 981 S.W.2d at 48.

18. *Tanox*, 105 S.W.3d at 252; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995).

19. *Tanox*, 105 S.W.3d at 252; *LaPrade v. Kidder, Peabody & Co., Inc.*, 246 F.3d 702, 706 (D.C.Cir.2001); *Jaros*, 70 F.3d at 421; *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1267 (7th Cir.1992); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 265 (2d Cir.1989).

20. *Tanox*, 105 S.W.3d at 252; *Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc.*,

274 F.3d 34, 36 (1st Cir.2001); *Mo. River Servs., Inc. v. Omaha Tribe of Neb.*, 267 F.3d 848, 855 (8th Cir.2001), *cert. denied*, 535 U.S. 1053, 122 S.Ct. 1909, 152 L.Ed.2d 820 (2002); *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir.2000); *Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 762 (5th Cir.1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1833, 146 L.Ed.2d 777 (2000); *Jaros*, 70 F.3d at 421; *Health Servs. Mgmt. Corp.*, 975 F.2d at 1267.

21. *Tanox*, 105 S.W.3d at 253; *Carte Blanche*, 888 F.2d at 265.

22. *Tanox*, 105 S.W.3d at 253; *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.), *cert. denied*, 531 U.S. 878, 121 S.Ct. 187, 148 L.Ed.2d 130 (2000).

23. *Tanox*, 105 S.W.3d at 253; *Carte Blanche*, 888 F.2d at 265; *see also Jaros*, 70 F.3d at 421 (stating manifest disregard of law is a "very narrow standard of review").

vacate an arbitration award bears the burden of demonstrating the arbitration panel acted in manifest disregard of the law.[24]

In this case, Appellants rely only on the general rule that although the prevailing party will recover all court costs, costs of experts are incidental expenses in preparation for trial and not recoverable.[25] This rule, however, does not apply where a statute or contract provides for recovery of witness fees.[26] While the contracts between the Culls and Appellants do not discuss expert witness fees, Texas law permits recovery of expert witness fees for statutory fraud in real estate claims.[27] Furthermore, the AAA rules authorize the arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable."[28] Thus, the arbitrator did not act with manifest disregard of the law when he awarded expert fees.

■ Additionally, because we have already held that the Culls did not waive their right to arbitrate the claims in this case, the arbitrator did not act with manifest disregard of the law by ruling that the Culls did not waive arbitration. Consequently, we overrule Appellants' fifth issue.

### BURDEN OF PROOF

In their fourth issue, Appellants alternatively argue that the Culls failed to meet their summary judgment burden to negate Appellants' defense of evident partiality. We disagree.

■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.[29] To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.[30] In this case, it was Appellants' burden to prove their defense, and, although the Culls could have filed a reply to Appellants' response to their motion to confirm the arbitration award, the Culls were not *required* to put on evidence to negate Appellants' defense. As set forth above, Appellants did not conclusively prove that the arbitrator was evidentially partial. We overrule Appellants' fourth issue.

### MODIFICATION OF THE TRIAL COURT'S JUDGMENT

In their sixth issue, Appellants argue that the trial court erred by refusing to modify its judgment to correct errors in the arbitration award that resulted in contradictory deadlines for complying with the injunctive relief, an award of interest above what the arbitrator awarded, an award of post-confirmation attorney's fees, and an award of costs taxed on parties that the Culls had previously nonsuited.

**24.** *Tanox,* 105 S.W.3d at 253; *LaPrade,* 246 F.3d at 706; *Brown,* 211 F.3d at 1223.

**25.** *Richards v. Mena,* 907 S.W.2d 566, 571 (Tex.App.-Corpus Christi 1995, writ dism'd by agmt).

**26.** *See Thomas v. Prudential Sec., Inc.,* 921 S.W.2d 847, 849 (Tex.App.-Austin 1996, no writ).

**27.** TEX. BUS. & COM.CODE ANN. § 27.01(e) (Vernon 2002) ("Any person who violates the provisions of this section shall be liable to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court.").

**28.** American Arbitration Association, Supplementary Procedures for Residential Construction Disputes, SR–9(a) (2003).

**29.** *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999).

**30.** *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

**First,** Appellants argue that the award of post-arbitration attorney's fees exceeded the arbitrator's authority. We disagree. Although a trial court may not add post-arbitration attorney's fees to the arbitration award that includes such fees in its final judgment, the arbitrator may award such fees in the arbitration award.[31] Additionally, attorney's fees are allowed in cases such as this one involving DTPA and fraud in real estate claims.[32] Thus, the trial court did not err by confirming the arbitrator's award of post-arbitration attorney's fees in its final judgment.

Second, Appellants argue that the trial court's judgment should be modified because it awards costs on parties that the Culls previously nonsuited. We disagree. Because Jerald W. Kunkel, P.E., and Jerald W. Kunkel, P.E., Inc., d/b/a Jerald W. Kunkel Consulting Engineers, Inc. had been nonsuited before the final judgment, the trial court's reference to "defendants" in its final judgment refers to the remaining defendants in this case regardless of the fact that the nonsuited defendants remained in the style of the case. Appellants were the only remaining defendants at the time of the trial court's judgment, and thus, the trial court's judgment makes them and only them responsible for the fees.

Third, Appellants allege that the judgment is inconsistent in two respects. The judgment provides that the closing shall take place within sixty days after the date of the judgment, but it also provides that the actions are to be taken and sums paid on or before thirty days from the date of the judgment. Although Appellants have

not clearly specified the modification in the dates of the judgment requested, the Culls agree to a modification of the judgment to state that the closing shall take place within sixty days after the date of the final judgment and that all other sums not related to paragraph (a) shall be due thirty days after the date of the final judgment. Because this modification appears to represent Appellants' requested modification and will resolve any alleged inconsistency in the judgment, we modify the judgment to reflect those changes.[33]

**Finally,** Appellants argue that the trial court erred by awarding interest in addition to what the arbitrator awarded. Because the trial court's judgment regarding this additional interest is ambiguous, we agree with Appellants. The trial court's judgment states that "the judgment here rendered shall bear post-judgment interest at the rate of 10% per annum from the date of signing until paid." This interest could be interpreted to add 10% interest on the interest awarded by the arbitrator, which was "ten percent (10%) per annum from thirty (30) days after the date of this Award until paid." We find no statutory or case law in support of this modification.[34] Thus, the trial court should not have included this additional interest in its judgment. We therefore further modify the trial court's judgment to delete "that the Judgment here rendered shall bear post-judgment interest at the rate of 10% per annum from the date of signing until paid" and overrule the remaining arguments Appellants raised in their sixth issue.

**31.** *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 436 (Tex.App.-Dallas 2004, pet. denied); *Int'l Bank of Commerce–Brownsville,* 981 S.W.2d at 54.

**32.** *See* Tex. Bus. & Com.Code Ann. §§ 17.50(d), 27.01(e) (Vernon 2002).

**33.** *See* 9 U.S.C.A. § 11(c); Tex.R.App. P. 43.2(b).

**34.** *See* 9 U.S.C.A. § 11(c); *see also Int'l Bank of Commerce–Brownsville,* 981 S.W.2d at 54.

## FINDINGS OF FACT

Alternatively, Appellants argue in their second issue that the trial court erred by failing to enter findings of fact and request that this case be abated to the trial court for entry of findings of fact. According to Rules 296 and 297 of the Texas Rules of Civil Procedure, a trial judge must prepare findings of fact in cases tried in the district court or county court without a jury, that is, where there has been an evidentiary hearing to the court or a bench trial on the merits.[35] When a trial court grants summary judgment relief, however, findings of fact have no place in the proceeding because the summary judgment proceeding has not been "tried" within the scope of Rule 296.[36] Although Appellants argue in this issue that the motion to vacate hearing was an evidentiary hearing requiring findings of fact, they contradictorily argue in their fourth issue that their motion to vacate the arbitration award was their response to the Culls' motion to confirm the arbitration award, which was a summary judgment proceeding. Our review of the record shows that this hearing was not a bench trial on the merits of the case. The hearing was held in the form of a summary judgment hearing; only arguments were given, no live testimony was given, and the only evidence presented was not offered or admitted at the hearing but was attached to the parties' motions. Thus, because findings of fact have no place in summary judgment proceedings,[37] we overrule Appellants' second issue.

## CONCLUSION

Having held that the trial court erred by awarding post-judgment interest in addition to the interest awarded by the arbitrator, we modify the trial court's judgment by removing the following, "[T]hat the Judgment here rendered shall bear post-judgment interest at the rate of 10% per annum from the date of signing until paid."

Having held that the trial court's judgment is ambiguous regarding the time periods by which Appellants must comply with the judgment, we modify the paragraph following paragraph g. of the trial court's judgment to state, "The action are to be taken and sums are to be paid as set forth in paragraphs b., c., d., e., f., and g., herein, on or before thirty (30) days from the date of this Final Judgment."

We affirm the trial court's judgment as modified.

**35.** Tex.R. Civ. P. 296, 297; *In re J.I.T.P.*, 99 S.W.3d 841, 848 (Tex.App.-Houston [14th Dist.] 2003, no pet.); *Chavez v. Hous. Auth. of City of El Paso*, 897 S.W.2d 523, 525 (Tex. App.-El Paso 1995, writ denied), *cert. denied*, 517 U.S. 1188, 116 S.Ct. 1674, 134 L.Ed.2d 778 (1996); *Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex.App.-Amarillo 1993, no writ.).

**36.** *Chavez*, 897 S.W.2d at 525–26 (citing *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994)).

**37.** *Linwood*, 885 S.W.2d at 103.