COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                      NO. 2-06-00030-CV

 

 

GRAND HOMES 96, L.P.                                                     APPELLANTS

AND GRAND HOMES, INC.

                                                   V.

 

DAVID LOUDERMILK AND                                                      APPELLEES

DEBRA LOUDERMILK

                                              ------------

 

            FROM THE
158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








This is an appeal from the confirmation of an
arbitration award.  The primary issue we
address is whether the trial court abused its discretion by compelling binding
arbitration between all of the parties over the objection of two of the
defendantsCnow AppellantsCGrand
Homes 96, L.P. and Grand Homes, Inc. 
Appellants claim that they did not receive notice that arbitration could
be compelled concerning the claims of Appellees David and Debra Loudermilk
against them and that this lack of notice prevented them from raising the
defense of waiver.  Because Appellants
either were not deprived of the opportunity to present their waiver defense to
the arbitrator or as a matter of law cannot establish the Loudermilks= waiver
of arbitration, we hold that the trial court did not err by compelling
arbitration over Appellants=
objection.  Because there is no record
from the arbitration proceedings, Appellants= other
challenges to the arbitration award fail. 
Consequently, we will affirm.

II.  Factual and Procedural Background








The Loudermilks purchased a house from
Appellants.  In connection with the
purchase, the Loudermilks signed the purchase agreement submitted to them by
Appellants.[1]
The agreement contained an arbitration clause.[2]  Appellants accepted the agreement, and,
subsequently, the Loudermilks and Appellants, along with Home Owners Management
Enterprises, Inc. d/b/a Home of Texas (HOME) and Warranty Underwriters
Insurance Company (WUIC), all executed a limited warranty agreement.  The warranty agreement also contained an
arbitration clause.[3]


About a year after purchasing the home, the
Loudermilks sent a letter to Appellants identifying several items that needed
repair, including cracks in the grout in the kitchen and around the fireplace,
cracks in most rooms of the house, a severe crack at the window in the master
bedroom, and cracked bricks on the exterior of the home.[4]  When Appellants allegedly failed to make the
requested repairs, the Loudermilks filed suit on August 29, 2003 in district
court in Denton County, alleging negligence in the design and construction of
their home=s foundation. 








Approximately three months after filing their
original petition, the Loudermilks filed an amended petition asserting
additional causes of action for malice, breach of contract and warranty,
violations of the DTPA, and fraud against Appellants and adding HOME and WUIC
as defendants, alleging a cause of action for negligence against them.[5]  The Loudermilks= amended
pleading also sought punitive damages, mental anguish damages, attorney=s fees,
rescission of the contract for sale of the property, and prejudgment and
postjudgment interest. 

HOME and WUIC incorporated a plea in abatement
into their original answer, notifying the trial court that @HOME and
WUIC are entitled to abate this matter for binding arbitration.@  The basis for arbitration asserted by  HOME and WUIC was that A[i]n
accordance with Plaintiff=s contract, all disputes
relating to the home or warranty must be submitted to binding arbitration.@  Approximately six months after filing their
original petition, the Loudermilks again filed an amended pleading, this time
alleging only causes of action for breach of warranty and fraud against
Appellants and alleging only negligence and violations of the DTPA and the
insurance code against HOME and WUIC.  








HOME and WUIC filed their motion to compel
arbitration on April 26, 2004.  At the
hearing on the motion to compel, HOME and WUIC=s
attorney requested that the trial court refer the Loudermilks= claims
against HOME and WUIC to binding arbitration and then abate these same claims
until the Loudermilks= claims against Appellants were
resolved.  The Loudermilks=
attorney, however, pointed out that Appellants were parties to the warranty
agreement and argued that if the trial court compelled arbitration of the
Loudermilks= claims against HOME and WUIC,
it should also compel arbitration of the Loudermilks= claims
against Appellants.  The trial court
then, over Appellants= objection, ordered all partiesCHOME,
WUIC, the Loudermilks, and AppellantsCto
arbitration. 

Following the hearing on the motion to compel
arbitration, the Loudermilks filed a motion requesting that the trial court
appoint an arbitrator because the parties were unable to agree on an
arbitrator.  The trial court entered an
order abating the case for arbitration and chose Greg Cokinos of Houston as the
arbitrator.  The Loudermilks,
dissatisfied with the trial court=s
choice, filed a motion to set aside its order appointing Mr. Cokinos as
arbitrator and asked the trial court to reconsider. 








Before the trial court had an opportunity to rule
on the Loudermilks= motion, Appellants filed a
petition for writ of mandamus with this court, requesting a writ of mandamus
directing the trial court to vacate its order compelling Appellants to binding
arbitration.  We issued an opinion
denying Appellants= petition for writ of
mandamus.  In re Grand Homes 96, L.P.,
No. 02-04-00238-CV, 2004 WL 1909315, at *1 (Tex. App.CFort
Worth Aug. 26, 2004, orig. proceeding) (mem. op.).[6]


Subsequently, the trial court granted the
Loudermilks= motion to set aside its order
appointing an arbitrator and appointed a new arbitrator, Dana McArthur.  The parties went to arbitration, and the
arbitrator issued a final arbitration award. 
The arbitrator rescinded the sale of the home and ordered Appellants to
purchase the Loudermilks= home for $292,000, plus closing
costs.  The arbitrator also ordered
Appellants to pay the Loudermilks=
attorney=s fees,
expert fees, litigation fees, and post-award interest.  The award stated that A[t]he
Loudermilks shall recover no damages from HOME/WUIC.@ 








The Loudermilks filed a motion to confirm the
arbitrator=s award, and Appellants filed
objections to the confirmation of the arbitrator=s award,
along with motions to vacate and to modify the award.  The trial court held a hearing and confirmed
the arbitrator=s award.  At Appellants=
request, the trial court entered findings of fact and conclusions of law.  This appeal followed.

III.  Trial Court Properly Compelled Arbitration

 The crux
of the complaints made by Appellants in their first, second, and fourth issues
is that they were surprised when, at the hearing on HOME and WUIC=s motion
to compel arbitration, the Loudermilks urged arbitration and that they were
harmed because they did not have an opportunity to prepare and present defenses
to arbitration.  Specifically, Appellants
contend that the trial court erred by compelling binding arbitration of the
Loudermilks= claims against them because in
the absence of a motion to compel arbitration filed by the Loudermilks, the
trial court lacked jurisdiction; because the Loudermilks never demonstrated
that their claims were within the warranty=s scope
or that they satisfied the warranty=s
conditions precedent to arbitration; and because the Loudermilks= failure
to file a motion to compel or to provide notice of their intent to arbitrate
their claims against Appellants deprived Appellants of their right to present
defenses to arbitration and to object to the court=s
appointment of an arbitrator.  We address
these contentions in turn.

A.     Trial Court Jurisdiction








It is clear that the trial court here had
jurisdiction over the lawsuit.  See
Tex. Const. art. V, ' 8
(stating that A[d]istrict court jurisdiction
consists of exclusive, appellate, and original jurisdiction of all actions,
proceedings, and remedies, except in cases where exclusive, appellate, or
original jurisdiction may be conferred by this Constitution or other law on
some other court, tribunal, or administrative body@).  When two defendants in the lawsuit, HOME and
WUIC, filed a motion to compel arbitration based on the arbitration provision
set forth in the written warranty agreement, which Appellants also had signed,
the trial court had a nondiscretionary duty to rule upon the arbitration issue,
including which parties would be compelled to arbitration.  See, e.g., In re Weekley Homes, L.P., 180
S.W.3d 127, 135 (Tex. 2005) (orig. proceeding) (holding trial court must decide
whether to compel arbitration of personal injury claim of party who was not
signatory to arbitration agreement).  And
the trial court retains jurisdiction even pending the outcome of
arbitration.  Brooks v. Pep Boys Auto.
Superctrs., 104 S.W.3d 656, 660 (Tex. App.CHouston
[1st Dist.] 2003, no pet.) (recognizing the trial court possesses continuing
jurisdiction pending arbitration, rather than requiring the filing of an
additional lawsuit concerning pending arbitration or postarbitration matters).








In short, we are not aware of any authority, nor
have Appellants cited any authority, for the proposition that the trial court
somehow lacks jurisdiction to compel a party in a pending lawsuit to
arbitration when that party has executed multiple arbitration agreements or
possesses jurisdiction to compel to arbitration only claims that are
specifically mentioned in a motion.  Accord
Tex. Civ. Prac. & Rem. Code Ann.
'
171.021(a) (Vernon 2005) (requiring only that motion to compel arbitration be
filed by Aa party@).

B.     Claims Within Arbitration Agreements

Procedurally, a party seeking to compel
arbitration has the initial burden to establish the arbitration agreement=s
existence and to show that the to-be-arbitrated claims fall within the
arbitration agreement=s scope.  In re Oakwood Mobile Homes, Inc., 987
S.W.2d 571, 573 (Tex. 1999) (orig. proceeding), abrogated in part on other
grounds by In re Halliburton Co., 80 S.W.3d 566 (Tex. 2002) (orig.
proceeding); Interconex, Inc. v. Ugarov, No. 01-05-00524-CV, 2006 WL
2506562, at *8 (Tex. App.CHouston [1st Dist.] Aug. 31,
2006, no pet. h.).  Here, two arbitration
agreements exist between Appellants and the LoudermilksCthe
arbitration agreement in the warranty and the even broader arbitration
agreement in the sales contract.  Thus,
we must determine whether the Loudermilks= claims
are within the scope of those agreements.








We will not find error by the trial court and are
required to uphold the trial court=s ruling
if it is proper on any grounds.  See
Owens‑Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998) (requiring us to uphold trial court=s
evidentiary ruling if it is proper on any grounds); Harwell v. State Farm
Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995) (holding summary
judgment must be upheld if it is proper on any grounds); Smith v. Duncan
Land & Exploration, Inc., No. 02-05-00334-CV, 2006 WL 2034031, at *4
(Tex. App.CFort Worth July 20, 2006, no
pet.) (mem. op.) (stating that appellate court should overturn trial court=s
conclusion only if it is based on erroneous view of law or a clearly erroneous
assessment of the evidence). 
Accordingly, in determining whether the trial court erred by determining
that the Loudermilks= claims against Appellants were
within the scope of the arbitration agreements, we review both of the
arbitration agreements between Appellants and the Loudermilks.[7]








The warranty agreement arbitration clause
provides that A[a]ll requests for warranty
performance, demand, disputes, controversies and difference[s] that may arise
between the parties to this Limited Warranty that cannot be resolved among the
parties@ shall
be referred to arbitration.  The
arbitration provision in the sales contract provides that the parties Aagree to
submit to binding arbitration . . . any dispute between Seller [Appellants] and
Purchaser [the Loudermilks].@  Clearly, the Loudermilks= claims
against Appellants for breach of warranty and fraud fall within the scope of
both of these arbitration agreements executed by Appellants and the
Loudermilks.

Because the trial court=s order
compelling arbitration may be upheld under either of the arbitration provisions
signed by Appellants and the Loudermilks, Appellants=
complaints that the Loudermilks failed to establish that they had met the
conditions precedent to arbitration under the warranty agreement are moot.  And, in any event, procedural questionsCincluding
whether procedures have been followed or excused and whether an unexcused
failure to follow such procedures allows a party to avoid the duty to arbitrateCare left
for the arbitrator to decide.  In re
Weekley Homes, 985 S.W.2d 111, 114 (Tex. 1998) (orig. proceeding).

C.     Defense of Waiver








Having determined that valid arbitration
agreements exist between the parties and that the claims asserted by the
Loudermilks against Appellants fall within the scope of both arbitration
agreements, we next address Appellants=
complaint that they were deprived of the opportunity to raise defenses to
arbitration.  Appellants claim that,
because they had no notice that arbitration of the Loudermilks= claims
against them would be addressed at the hearing on HOME and WUIC=s motion
to compel, they were prevented from raising their defenses to arbitration.  When pressed at oral argument concerning what
specific defenses to arbitration Appellants would have liked to raise but were
not prepared to raise at the hearing because of the lack of notice, Appellants
indicated that they had wanted to raise the defense of waiver.[8]  The exact procedure for resolving whether the
party seeking to compel arbitration has waived arbitration is somewhat
unsettled.








Traditionally, Texas courts framed the issue of
whether a party had waived its right to compel arbitration as a question of law
to be reviewed by the appellate court de novo.  Oakwood Mobile Homes, Inc., 987 S.W.2d at
574; In re Bruce Terminix Co., 988 S.W.2d 702, 704-05 (Tex. 1998) (orig.
proceeding).  But in 2002, the United
States Supreme Court clearly stated that Athe
presumption is that the arbitrator should decide allegation[s] of waiver,
delay, or a like defense to arbitrability.@  Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79, 154, 123 S. Ct. 588, 592 (2002). 
Several Texas courts have since followed Howsam and have held
that matters of waiver and delay in requesting arbitration should be presented
to the arbitrator for resolution.  E.g.,
In re Global Constr. Co., 166 S.W.3d 795, 799 (Tex. App.CHouston
[14th Dist.] 2005, orig. proceeding).

But here, we need not decide this issue because
under either circumstance, Appellants=
unpreparedness to raise the defense of waiver at the hearing on HOME and WUIC=s motion
to compel arbitration does not render the trial court=s
decision to compel arbitration improper. 
If, under Howsam, waiver is a matter for the arbitrator to
determine, then Appellants had the opportunity to raise their waiver defense
before the arbitrator; no harm stemmed from Appellants= lack of
preparedness to raise it at the hearing on HOME and WUIC=s motion
to compel.  If, despite Howsam,
waiver is still an issue of law that we decide de novo, then the record before
us establishes that the Loudermilks did not waive their right to arbitrate.








Because public policy favors arbitration, there
is a strong presumption against finding that a party has waived its right to
arbitration; the burden to prove waiver is thus a heavy one.  Bruce Terminix Co., 988 S.W.2d at
704-05; EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex. 1996) (orig.
proceeding); Southwind Group, Inc. v. Landwehr, 188 S.W.3d 730, 735
(Tex. App.CEastland 2006, orig.
proceeding).  Any doubts regarding waiver
are resolved in favor of arbitration.  Bruce
Terminix Co., 988 S.W.2d at 705; Southwind Group, Inc., 188 S.W.3d
at 735.  Waiver may be express or
implied, but it must be intentional.  EZ
Pawn Corp., 934 S.W.2d at 89; Southwind Group, Inc., 188 S.W.3d at
735.  Whether waiver occurs depends on the
individual facts and circumstances of each case.  Southwind Group, Inc., 188 S.W.3d at
735; Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110 S.W.3d 131, 135
(Tex. App.CHouston [1st Dist.] 2003, no
pet.).  A party does not waive
arbitration merely by delay; instead, the party urging waiver must establish
that any delay resulted in prejudice.  Prudential
Secs. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding);
Southwind Group, Inc., 188 S.W.3d at 735.  Therefore, the test for determining waiver is
two-pronged:  (1) did the party seeking
arbitration substantially invoke the judicial process, and (2) did the opposing
party prove that it suffered prejudice as a result.  Perry Homes v. Cull, 173 S.W.3d 565,
569-70 (Tex. App.CFort Worth 2005, pet. filed).








Courts will not find that a party has waived its
right to enforce an arbitration clause by merely taking part in litigation
unless it has substantially invoked the judicial process to its opponent=s
detriment.  Bruce Terminix Co.,
988 S.W.2d at 704; Southwind Group, Inc., 188 S.W.3d at 736.  Substantially invoking the judicial process
may occur when the party seeking arbitration actively has tried, but failed, to
achieve a satisfactory result in litigation before turning to arbitration.  Southwind Group, Inc., 188 S.W.3d at
736; Williams Indus., Inc., 110 S.W.3d at 135.  Examples include moving for summary judgment
or seeking a final resolution of the dispute. 
Williams Indus., Inc., 110 S.W.3d at 135.

Here, the Loudermilks did not file a motion for
summary judgment or seek but fail to achieve a satisfactory result from
litigation in the trial court before turning to arbitration.  Instead, approximately eight months after the
Loudermilks filed their original petitionCwhen two
of the defendants moved to compel arbitrationCthe
Loudermilks requested that if the trial court decided to order arbitration, it
compel arbitration of all claims against all defendants, including
Appellants.  As a matter of law, when the
trial court compelled arbitration, the Loudermilks had not substantially
invoked the judicial process to Appellants=
detriment.  See In re D. Wilson
Constr. Co., 196  S.W.3d 774, 783
(Tex. 2006) (orig. proceeding) (stating that court held in a previous case that
relators, who litigated in trial court for two years, did not substantially
invoke judicial process to their opponent=s
detriment because relators engaged in minimal discovery and real party in
interest failed to demonstrate sufficient prejudice to overcome strong
presumption against waiver).








Even if the Loudermilks= actions
could somehow, in light of the dearth of contrary case law, be construed as
having substantially invoked the judicial process, Appellants cannot meet the
heavy burden of showing that they were prejudiced by the Loudermilks=
actions.  The suit was less than eight
months old, and very little discovery had occurred.  See id.

Appellants urge us to hold that the Loudermilks
waived their right to arbitrate when they filed suit.  Appellants rely upon what appears to be
dictum in Vireo P.L.L.C. v. Cates, 953 S.W.2d 489, 491 (Tex. App.CAustin
1997, pet. denied) (stating that after a plaintiff files suit, A[i]f the
defendant does not insist upon arbitration, the contracting parties have
mutually repudiated the arbitration covenant as a matter of law and waived any
right thereunder@).  As demonstrated by this case, such a holding
in a multi-defendant lawsuit could undermine the purposes promoted by
arbitration by requiring both trial and arbitration of a plaintiff=s
claims, depending on the choice of a particular defendant.  Because the Vireo court=s
statement has not been adopted by any court, does not promote the policy
reasons supporting arbitration, and because one of the three justices on the
panel in Vireo dissented, we decline to adopt it.  Id. at 496-97 (Jones, J., dissenting)
(recognizing that the TGAA was enacted to abrogate the common-law Aright of
election@
doctrine).








We therefore hold that the trial court did not
err by compelling Appellants to arbitrate the Loudermilks= claims
against them.  We overrule Appellants= first,
second, and fourth issues.

IV.  Choice of Arbitrator

In their third issue, Appellants argue that they
were deprived of the benefits of arbitration under the sales contract.  Specifically, Appellants contend that they
had the right under the sales contract=s
arbitration clause to select an arbitrator or to have one appointed by the
American Arbitration Association. 








Although the motion to compel hearing occurred in
April 2004, due to intervening events like the original proceedings that
Appellants filed, the arbitration did not take place until August 2005.  During the interim, the Loudermilks filed a
motion asking the trial court to appoint an arbitrator because the parties were
unable to decide on one.  The Loudermilks
subsequently filed another motion to set aside the trial court=s first
choice of an arbitrator.  These motions
were served on all parties, including Appellants.  During the sixteen months between the
selection of the initial arbitrator and the actual arbitration, Appellants did
not respond to the Loudermilks= motions
or file their own motion requesting that an AAA arbitrator be appointed.  When competing arbitration clauses exist in a
case involving multiple defendants, complaints of the type now made by
Appellants must be brought to the trial court=s
attention.  See Tex. R. App. P. 33.1.  Because Appellants did not raise this
complaint in the trial court, but instead waited to raise it until after they
had fully participated in an arbitration that resulted in an award adverse to
them, we hold that this complaint is not properly before us.  We overrule Appellants= third
issue.

V.  Arbitrator=s Award

In their fifth, sixth, and seventh issues,
Appellants contend that the arbitrator exceeded her authority by granting
remedies outside the warranty=s scope,
manifestly disregarding the law of limitations, and miscalculating the
rescission damages.  The Loudermilks
respond that because there is no record of the arbitration proceedings, this
court must defer to the arbitrator. 








Generally, an arbitration award is given the same
effect as a final judgment of a court of last resort.  Nuno v. Pulido, 946 S.W.2d 448, 452 (Tex.
App.CCorpus
Christi 1997, no writ).  We review a
trial court=s vacation, modification, or
confirmation of an arbitration award de novo. 
Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete
Sys., Inc., 115 S.W.3d 16, 18 (Tex. App.CFort
Worth 2003, pet. denied).  In Texas,
review of arbitration awards is extraordinarily narrow.  Id. 
Accordingly, we must indulge every reasonable presumption in order to
uphold the arbitration award.  Id.  A mere mistake of law or fact is insufficient
to set aside an arbitration award.  Nuno,
946 S.W.2d at 452. Further, without a transcription of the arbitration
proceedings, we must presume adequate reasoning and evidence to support the
award.  Jamison & Harris v. Nat=l Loan
Investors, 939 S.W.2d 735, 737 (Tex. App.CHouston
[14th Dist.] 1997, writ denied).

For an appellate court to have jurisdiction to
review an arbitration award, an appellant must allege a statutory or common law
ground to vacate the award.  Hisaw
& Assocs., 115 S.W.3d at 19; see 9 U.S.C.A. '' 10‑11
(West 1999 & Supp. 2006) (allowing for vacating, modifying, or correcting
arbitration award under certain circumstances); Tex. Civ. Prac. & Rem. Code Ann. ''
171.088, .091 (Vernon 2005) (same).  One
of the statutory grounds for vacating an award is that the arbitrator exceeded
his or her powers.  Hisaw &
Assocs., 115 S.W.3d at 19 (citing Tex.
Rev. Civ. Stat. Ann. art. 237, ' A
(Vernon 1973)).  An arbitrator=s
authority is derived from the arbitration agreement and is limited to a
decision of the matters submitted therein, either expressly or by necessary
implication.  Baker Hughes Oilfield
Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d 438, 443 (Tex. App.CHouston
[14th Dist.]  2005, no pet.); City of
Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518‑19 (Tex. App.CHouston
[1st Dist.] 1994, writ denied).








Although Appellants raise at least one of the
statutory grounds for vacating an arbitration award, they have furnished no
record of the arbitration proceedings to support their claim that the
arbitrator exceeded her authority. The Loudermilks=
pleadings specifically pray for rescission of the sales contract and the other
damages awarded, and the Loudermilks= claims
are clearly within the scope of both arbitration agreements.  For these reasons, we cannot agree that the
arbitrator exceeded her authority.  See
Baker Hughes Oilfield Operations, Inc., 164 S.W.3d at 443. 

Appellants also argue that the arbitrator
committed errors in substantive law by disregarding the law of limitations and
by miscalculating the rescission damages. 
These alleged errors in the application of substantive law by the
arbitrator during the arbitration proceedings are not reviewable by the court
on a motion to vacate an award.  Jamison
& Harris, 939 S.W.2d at 737.  A
mistake of fact or law is insufficient to set aside an arbitration award.  Id. 
Moreover, the lack of a record of the arbitration proceedings prevents
review of these issues.  Id.

We therefore overrule Appellants= fifth,
sixth, and seventh issues.

VI.  Conclusion

Having overruled all seven of Appellants= issues,
we affirm the trial court=s judgment confirming the
arbitrator=s award.

 

SUE
WALKER

JUSTICE

 

PANEL A:  LIVINGSTON, WALKER and MCCOY, JJ.

 

DELIVERED:  November 9, 2006 











[1]The AAgreement,@ as it is titled, reveals
a medallion-type insignia at the top with the words AGrand Homes@ inside it.





[2]The arbitration provision
in this agreement provides for application of the Texas Arbitration Act and
states, in part,

 

The parties agree to submit to binding arbitration any controversy
hereafter arising between them, whether relating to the construction of the
residence or any appliance, equipment or fixtures installed therein, title,
warranties, negotiations, statements or representations before, at, or after
this Agreement is signed or otherwise involving any dispute between
Seller and Purchaser. 





[3]The arbitration agreement
in the warranty provides for application of the Federal Arbitration Act and
states, in part, A[A]ny Unresolved Warranty
Issue that you have with the Warrantor shall be submitted [to arbitration].@  It also defines an Unresolved Warranty Issue
as A[a]ll requests for
warranty performance, demand, disputes, controversies and difference[s] that
may arise between the parties to this Limited Warranty that cannot be resolved
among the parties.@





[4]The warranty agreement
provided that the home builder was the warrantor in years one and two of the
warranty coverage and that the insurer was the warrantor in years three through
ten of the warranty coverage and in years one and two if the builder defaulted.






[5]The Loudermilks also
added Ready Cable, Inc. and Jerry L. Coffee, P.E. as defendants and alleged
causes of action for negligence and breach of warranties against them.  Because these two parties are not involved in
this appeal, we will not detail the motions that they filed or how they were
disposed of in the trial court.





[6]Appellants also filed a
petition for writ of mandamus with the Texas Supreme Court, which was denied. 

 





[7]Although at the hearing
on HOME and WUIC=s motion to compel
arbitration the trial court apparently based its order compelling arbitration
on the arbitration clause in the warranty, in the findings of fact that the
trial court made after confirming the arbitrator=s award it specifically
found that A[t]he Arbitrator had the
authority to act pursuant to Section 18 of the Agreement between Plaintiffs and
[Appellants],@ which is the arbitration
provision in the sales contract.  





[8]Appellants do not assert
that there was fraud, deceit, or misrepresentation involved in their signing of
the agreements.  Consequently, absent
waiver, they are bound by the agreements. 
In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex. 2006)
(orig. proceeding).